LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
John H. Lovell, SBN: 12609300
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: 806/373-1515
Facsimile: 806/379-7176
*Attorneys for Frances E. Maddox Foundation*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: § § AMERICAN HOUSING FOUNDATION, INC., § § Debtor, § | | CASE NO. 09-20373 CHAPTER 11 |
| ROBERT TEMPLETON, Independent § Executor of the Frances E. Maddox Estate, § and as president of the FRANCES E. MADDOX § FOUNDATION, § § *Plaintiff,* § § v. § § WELLS FARGO BANK, NATIONAL § ASSOCIATION, and § AMERICAN HOUSING FOUNDATION, INC., § § *Defendants.* § | | Adversary No. _____ |

ORIGINAL COMPLAINT SEEKING TO DETERMINE OWNERSHIP OF
FUNDS, IMPOSE
CONSTRUCTIVE TRUST, AND SEEKING DECLARATORY RELIEF

To Honorable Robert L. Jones, Bankruptcy Judge:

    Robert L. Templeton (both as Independent Executor of the Estate of Frances E. Maddox, and as president of the Frances E. Maddox Foundation) ("Templeton") and the Frances E. Maddox Foundation, by and through their undersigned attorneys, files this

their Original Complaint Seeking to Determine Ownership of Funds, Impose Constructive Trust, and Seeking Declaratory Relief against the Defendants, Wells Fargo Bank, National Association, Debtor, and against American Housing Foundation. For cause of action, Plaintiff states and alleges, as follows:

## I.

## PARTIES

1. Plaintiff Robert L. Templeton ("Templeton"), in his capacity as Independent Executor of the Estate of Frances E. Maddox, deceased, and also in his capacity as president of the co-plaintiff, Frances E. Maddox Foundation ("Foundation"), is a resident of the City of Amarillo, Potter County, Texas.

2. The Defendant, Wells Fargo Bank, National Association ("Wells Fargo") is a national banking organization which holds a demand deposit account of Debtor, American Housing Foundation. Wells Fargo may be served through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

3. The Defendant, American Housing Foundation, Inc. ("AHF"), is a Texas Corporation, Debtor in this bankruptcy case, and may be served by service on its current president, Rick Crawford, 1800 S. Washington, Suite 311, Amarillo, Texas, 79102.

## II.

## JURISDICTION AND VENUE

4. This Adversary Proceeding is brought pursuant to Bankruptcy Rule 7001 and arises under 11 U.S.C. 541 and 28 U.S.C. § 2201(a). This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1334, and Bankruptcy Rule 7001(1), and (9).

5. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O).

6. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1409 (a).

## III.

## BACKGROUND OF THE CASE AND FACTS

7. The Alleged Debtor's founder and president, Mr. Steve Sterquell ("Sterquell Sr."), died on April 1, 2009. Sterquell's death was ruled a suicide. In the month prior to his death, Sterquell Sr. fraudulently transferred and conveyed many assets of American Housing Foundation ("AHF") to trusts controlled by family members, and of which family members are the beneficiaries.

8. On April 21, 2009, certain creditors of AHF filed an involuntary Chapter 11 petition against it under Section 303(a) of the Bankruptcy Code. The involuntary case is proceeding under cause number 09-20232-11.

9. On June 11, 2009 a Voluntary Petition was filed by AHF in this case, case number 09-20373.

10. Prior to his death, Sterquell, Sr. knowingly and willfully devised and carried out a scheme to defraud creditors of AHF, as well as investors and creditors in limited partnerships which were established to finance AHF.

### A. The Frances E. Maddox Foundation

11. Sterquell, Sr. formed the Oklahoma American Housing Foundation ("OAHF"), a nonprofit Oklahoma corporation in 2000. Prior to her death, Frances E. Maddox desired to form a charitable nonprofit foundation and was assisted by Robert L. Templeton, her attorney.

12. Some period after OAHF was formed, Sterquell, Sr. advised Robert L. Templeton that there was no activity pertaining to OAHF, and that the nonprofit's name could be changed to fulfill the wishes of Frances E. Maddox.

13. On December 12, 2005, the Certificate of Incorporation for OAHF was amended to change the name of OAHF to the Frances E. Maddox Foundation ("Foundation").

14. The Foundation was organized for charitable, religious, educational, and scientific purposes, including the fostering of low-income housing.

15. Templeton became President of the Foundation, while Sterquell, Sr. served as its Secretary. The Foundation has a Board of Directors. Sterquell, Sr. acted as Treasurer of the Foundation, and took control of all Frances E. Maddox Foundation's funds and accounts. As an officer of the Foundation, Sterquell, Sr. took control over the Foundation's funds in a fiduciary capacity.

B. **Sterquell, Sr.'s Involvement with the Foundation and Conversion of Funds**

16. Funds from the Estate of Frances E. Maddox, in the amount of $250,000, were placed into the Foundation. Sterquell, Sr. was the only person that had control over the Foundation bank account.

17. In February 2009, in breach of his fiduciary duties to the Frances E. Maddox Foundation, two money transfers were taken from the Foundation bank account at the direction of Sterquell, Sr. On February 23, 2009, $100,000 was wire transferred out of the Foundation account number 947-3389907 to account number 3711359525. Based upon information and belief, these funds were used to pay certain property and casualty insurance premiums then due and owing by AHF, to provide insurance coverage to AHF

on certain properties. None of these funds were used for the purposes of the Frances E. Maddox Foundation. This transfer was conversion by Sterquell, Sr. of the Frances E. Maddox Foundation's funds. On February 26, 2009, at the direction of Sterquell, Sr., another $100,000 wire transfer was made out of the Foundation account number 947-3389907 to account number 3711359525. Based upon information and belief, these funds were used for payroll expenses of AHF. None of these funds were used for the purposes of the Frances E. Maddox Foundation. This transfer by Sterquell, Sr. was also a conversion of funds belonging to the Frances E. Maddox Foundation. Both the February 23, 2009 transfer, and the February 26, 2009 transfer were done in breach of Sterquell Sr.'s fiduciary duties to the Frances E. Maddox Foundation.

18. On March 24, 2009, in breach of his fiduciary duties to the Frances E. Maddox Foundation, Sterquell, Sr. instructed that $40,000 of the funds of the Frances E. Maddox Foundation, then in account 947-3389907, be transferred to AHF Wells Fargo account number 1060316310. This transfer by Sterquell, Sr. was theft and conversion of funds belonging to the Frances E. Maddox Foundation. On information and belief, this $40,000 of the Frances E. Maddox Foundation remains in AHF Wells Fargo account number 1060316310. At law and in equity, the $40,000 stolen by Sterquell, Sr. from the Frances E. Maddox Foundation belongs to Frances E. Maddox Foundation.

19. All Sterquell, Sr.'s thefts and conversions of the Frances E. Maddox Foundation's funds were done in breach of his fiduciary duties to the Frances E. Maddox Foundation.

20. Upon AHF's filing of the voluntary bankruptcy petition on June 11, 2009, and in accordance with the provisions of 11 U.S.C. § 541, American Housing

Foundation, as debtor in possession, became vested with all legal and equitable interests that AHF had in any property as of the date of the commencement of the case, as well as any property that any later-appointed Trustee might be entitled to recover pursuant to other provisions of the Bankruptcy Code.

21. Plaintiff has suffered damages in the total sum of $40,000 for those funds which belong to the Frances E. Maddox Foundation, but which were deposited in – and remain – in the account of American Housing Foundation in Wells Fargo account number 1060316310.

## IV.

## COUNT ONE

22. Templeton asserts that Sterquell, Sr. obtained the Frances E. Maddox Foundation's money from the Foundation for the unlawful benefit of AHF by false pretenses, false representations, and actual fraud.

## V.

## COUNT TWO

23. Templeton also asserts that the Frances E. Maddox Foundation has suffered damages due to the fraud or defalcation committed by Sterquell, Sr. while he acted in a fiduciary capacity as the agent of the Frances E. Maddox Foundation.

## VI.

## COUNT THREE

24. Templeton asserts that the Frances E. Maddox Foundation has suffered damages due to the willful and malicious injury by Sterquell, Sr. to the Foundation's funds while Sterquell, Sr. acted in a fiduciary capacity as the Frances E. Maddox

Foundation's agent in regard to the benefit of the Frances E. Maddox Foundation's funds which were entrusted to his care.

## VII.

## COUNT FOUR

25. Templeton asserts that Sterquell, Sr., by his acts of actual and constructive fraud, used the Frances E. Maddox Foundation funds he controlled and paid them over to AHF in the following accounts:

    a. $100,000 to account 3711359525 on February 23, 2009;

    b. $100,000 to account 3711359525 on February 26, 2009; and

    c. $40,000 to account 1060316310 on March 24, 2009.

The Frances E. Maddox Foundation received no benefit or consideration for these transfers. None of these converted funds were used for the purposes of the Frances E. Maddox Foundation. AHF was unjustly enriched by these transfers.

26. Templeton also asserts that the funds paid to AHF account number 1060316310 can be traced directly from the Frances E. Maddox Foundation to account number 947-3389907. These traceable funds actually belong to the Frances E. Maddox Foundation; and that under the circumstances, both AHF and Wells Fargo have been unjustly enriched to the detriment and injury of the Frances E. Maddox Foundation.

27. Thus, Templeton asserts that a constructive trust should be imposed upon the funds now in the possession of AHF account number 1060316310 at Wells Fargo Bank, and judgment awarded to Templeton, f/b/o the Frances E. Maddox Foundation, and against Defendants, in the amount that each received from the Frances E. Maddox Foundation. Templeton further assets that this court should order all funds in Wells

Fargo account 1060316310 which can be traced to the Frances E. Maddox Foundation's account to be ordered repaid to the Frances E. Maddox Foundation.

## VIII.

## COUNT FIVE

28. Templeton asserts that Sterquell, Sr., by holding himself out as an officer and fiduciary of the Frances E. Maddox Foundation, and by his affirmative representations to Templeton, created an express trust whereby the Frances E. Maddox Foundation funds entrusted to Sterquell, Sr. were to be kept in an account solely for the charitable purposes of the Frances E. Maddox Foundation.

29. Templeton also asserts that Sterquell, Sr. breached the express trust under which he had control of the funds of the Frances E. Maddox Foundation when he used the Frances E. Maddox Foundation funds entrusted to him and paid them over to AHF account numbers 3711359525 and 1060316310.

30. Thus, Templeton asserts that a constructive trust should be imposed upon the funds now in the possession of Wells Fargo, in AHF account 1060316310, and judgment awarded to Templeton against Defendants in the amount that such funds belong to the Frances E. Maddox Foundation.

## IX.

## COUNT SIX

31. Templeton asserts that Sterquell, Sr., holding himself out as a trustee and fiduciary of the Frances E. Maddox Foundation, and by his representations promising and representing that he would act as an agent for the Frances E. Maddox Foundation by investing the Foundation's funds which were entrusted to him, that neither legal nor

equitable title in the money invested passed to AHF, and therefore no security interest of Wells Fargo ever attached to these funds.

32. Plaintiff seeks a declaratory judgment determining that at least $40,000 of the funds now in the possession of Wells Fargo in AHF account number 1060316310 do not constitute property of the bankruptcy estate by virtue of the provisions of 11 U.S.C. Section 541(a)(3) or (d), as well as other applicable state and federal law, that no lien of Wells Fargo were attached to them and that Templeton, on behalf of the Frances E. Maddox Foundation, holds superior title to these funds.

## X.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Robert L. Templeton and the Frances E. Maddox Foundation, pray that summons issue against the Debtor, and against Wells Fargo, and that they be required to answer this Complaint, and that upon trial of this cause that the Court enter judgment as follows:

1. Against the Defendant AHF, and in favor of Plaintiffs in the sum of $40,000.

2. Against the Defendant, Wells Fargo, and in favor of Plaintiffs by imposing a constructive trust upon the funds that Steve Sterquell, Sr. took from the Frances E. Maddox Foundation and deposited into the Wells Fargo account number 1060316310.

3. Against the Defendant, Wells Fargo, declaring and determining that no lien of Wells Fargo was imposed or impressed upon such funds.

4. Additionally, Plaintiffs seek a declaratory judgment determining that the $40,000 in funds now in the possession of the Wells Fargo in account 1060316310 do not constitute property of the bankruptcy estate by virtue of the provisions of 11 U.S.C. Section 541(a)(3) or (d), as well as other applicable state and federal law, and that the Plaintiffs hold superior title to them over the claims of the Debtor in Possession, AHF, and over the lien claims of Wells Fargo.

5. Plaintiffs pray that the Court order and direct that at least $40,000.00 of the funds now on deposit in Wells Fargo account number 1060316310 be paid to the Frances E. Maddox Foundation.

Plaintiffs further pray for such additional relief as may be necessary or appropriate or as the Court deems just and equitable.

DATED this the 15th day of June, 2009.

Respectfully submitted,

**LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.**
Joe L. Lovell, State Bar No. 12609100
John H. Lovell, State Bar No. 12609300
Deborah D. Reeves, State Bar No. 24006668
112 West 8th Avenue, Suite 1000
Eagle Centre Building
Amarillo, Texas 79101-2314
Telephone: (806) 373-1515
Facsimile: (806) 379-7176

By: _____
John H. Lovell

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered, as certified below, this 15th day of June, 2009, to:

Mr. Charles G. White                                   *Via U. S. Mail*
500 S. Taylor, Suite 505, LB 201
Amarillo, Texas 79101-2445
*Attorney for American Housing Foundation*

Mr. Rob Yaquinto                                       *Via U. S. Mail*
SHERMAN & YAQUINTO, LLP
509 N. Montaclair Avenue
Dallas, Texas 75208-5498
*Attorney for American Housing Foundation*

Mr. Larry Chek                                         *Via U. S. Mail*
HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
*Attorney for Wells Fargo Bank, National Association*

_____
John H. Lovell